United States District Court
Southern District of Texas
**ENTERED**
February 02, 2017
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JAVIER ROJAS CISNEROS,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-289** |
| | § | **Criminal No. H:95-196-8** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 7, 2016, Petitioner Javier Rojas Cisneros filed a "Motion for Relief from Final Judgment" pursuant to FED. R. CIV. P. 60(b)(4). Dkt. No. 1. The Court has not ordered the Government to respond to this motion.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

**I. Background**

    **A. Factual Background**

        **1. Criminal Case & Conviction**

As with the case of his brother – who was also a defendant in the underlying criminal case and who also filed several Rule 60(B) motions – the facts of this case and the underlying petitions are neither routine nor straight forward.

On August 16, 1995, a federal grand jury – sitting in Houston, Texas – returned an indictment against Rojas Cisneros and eight co-conspirators. U.S. v. Cisneros, Criminal No. 4:95-196-7, Dkt. No. 1 (J. Vela, presiding)(hereafter "CR 196"). As relevant here, Javier Rojas Cisneros was indicted for one count of conspiracy to assist in the escape of federal prisoners, pursuant to 18 U.S.C. § 752(a). Id. Rojas Cisneros was one of the prisoners – along with his brother, Juan Gabriel Cisneros – that the conspiracy planned to free from prison. Id. Rojas Cisneros was incarcerated on drug-related charges at the time. U.S. v. Cisneros, Criminal No. 1:94-181-13, Dkt. No. 152 ("CR 181").

On September 22, 1995, Rojas Cisneros pled guilty to one count of conspiracy to assist in the escape of federal prisoners. CR196, Dkt. No. 206.  On November 16, 1995, Rojas Cisneros was sentenced to 12 months of incarceration and three years of supervised release. CR 196, Dkt. No. 265.  That sentence was to run consecutive to the sentences in CR 181. Id.  In CR 181, Rojas Cisneros was sentenced to – among other things – 262 months of incarceration. CR 181 Dkt. No. 474.  Rojas Cisneros did not file a direct appeal in CR 196.

## 2. First Habeas Petition

On December 24 1996, Rojas Cisneros filed a Rule 60(b) motion – relating to the criminal conviction in CR 196 – pursuant to FED. R. CIV. P. 60(b)(6). Cisneros v. U.S., Civil No. 1:97-3, Dkt. No. 1 (J. Vela, presiding) (hereafter "Civ. Case 3").   As had his brother, Rojas Cisneros argued that the Court lacked jurisdiction, because the offense did not occur on federal land.[1] Id.  On March 4, 1997, Rojas Cisneros filed another motion in Civ. Case 3, reiterating his jurisdictional argument. Id., Dkt. No. 5.

On May 28, 1998, the District Court denied Rojas Cisneros's petitions, considering them to be petitions under § 2255. Civ. Case 3, Dkt. No. 10.

On October 20, 1998, Rojas Cisneros filed a motion for reconsideration. Civ. Case 3, Dkt. No. 15.  On December 9, 1998, the District Court denied the motion for reconsideration. Id., Dkt. No. 16.

On December 30, 1998, Rojas Cisneros filed a notice of appeal regarding the denial of his motion for reconsideration. Civ. Case 3, Dkt. No. 17.  On May 27, 1999, the District Court denied the issuance of a certificate of appealability. Id., Dkt. No. 19.  On March 9, 2000, the Fifth Circuit upheld the denial of the certificate of appealability and dismissed the appeal. Civ. Case 3, Dkt. No. 20.

---

[1] Rojas Cisneros argued that because he was charged with trying to break out of the Cameron County Jail – which is state-owned, rather than federally-owned, there was no federal jurisdiction for his criminal case. Civ. Case 3, Dkt. No. 1, pp. 7-8.  The Court notes that the prisoner does not need to be held in a "federal" facility for the statute to apply.  Rather, it is the authority for his detention, i.e. that he be "committed to the custody of the Attorney General or to any institution or facility by his direction," that establishes the predicate for the crime.  The record establishes that fact beyond any reasonable doubt.  18 U.S.C.  752(a).

**B. Procedural Background**

More than 16 years later, on November 7, 2016, Rojas Cisneros filed a motion – pursuant to FED. R. CIV. P. 60(b)(4) – seeking relief from judgment in CR 196, his escape case. Dkt. No. 1.  In that motion, Rojas Cisneros asserts that his first <u>habeas</u> petition should not have been characterized as a <u>habeas</u> petition, because he was not warned that the Court was considering it as a <u>habeas</u> petition.  He asserts that he was prevented from filing the instant motion any sooner, as a result of extraordinary circumstances.  Rojas Cisneros asserts that in 2003, the Supreme Court ruled that a district court cannot recharacterize a motion as a § 2255 petition without first warning the petitioner. <u>Castro v. U.S.</u>, 540 U.S. 375 (2003). Rojas Cisneros does not explain what extraordinary circumstances prevented him from filing the petition any sooner, given the Court's decision in 2003.

Rojas Cisneros goes on to claim that the indictment against him was invalid because he could not be convicted for assisting in his own escape and that his lawyer was ineffective for not raising this issue and for advising him to plead guilty.  The Court notes that Rojas Cisneros's brother, Juan Gabriel Cisneros, has raised these same arguments in his case. <u>Cisneros v. U.S.</u>, Civil Case 1:16-279, Dkt. No. 1.  Both are resolved in the same fashion.

Because this Rule 60(b) motion is meritless on its face, the Court has not ordered the Government to respond.

**II. Applicable Law**

**A. Section 2255**

Because a 60(b) motion – attacking the substance of a previously decided 2255 petition – is considered a successive 2255, the law relating to such petitions is set out here. Generally,

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

<u>Id.</u>

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to obtain authorization from the appropriate federal appellate circuit court before he or she is allowed to file a "second or successive" petition for relief in federal district court. 28 U.S.C. § 2444(b)(3). <u>U.S. v. Rich</u>, 141 F.3d 550 (5th Cir. 1998); <u>Hooker v. Sivley</u>, 187 F.3d 680, 681-82 (5th Cir. 1999).   Absent such authorization, the district court lacks the jurisdiction to hear the case. <u>U.S. v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000). If a prisoner files a second or successive <u>habeas</u> petition in the district court without the authorization of the appellate court, "it would be immediately dismissed for lack of jurisdiction." <u>Id</u>.

A petitioner may not file a second or successive petition unless it has been certified by "a panel of the appropriate court of appeals" to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted previously,  a motion that attacks a previously decided 2255 motion – or that challenges the judgment of conviction or sentence that was the subject of such a motion – is a second or successive petition, requiring authorization by the appropriate court of appeals. <u>U.S. v. Mason</u>, 116 Fed. App'x. 469, 470 n. 4 (5th Cir. 2004) (unpubl.) (citing <u>U. S. v. Rich</u>, 141 F.3d 550, 553 (5th Cir. 1998)).  Indeed, irrespective of how it is styled – in the absence of express authorization by the circuit appellate court – a second or successive <u>habeas</u> petition is to be dismissed by the district court for lack of jurisdiction. <u>Key</u>, 205 F.3d at 774.

### B. Motion for Relief from Judgment

The Federal Rules of Civil Procedure apply in <u>habeas</u> <u>corpus</u> cases to the extent that they "are not inconsistent with any statutory provisions or . . . rules." 28 U.S.C. § 2255 Rule 12; Fed. R. Civ. P. 81(a)(2).  Furthermore, a Rule 60(b) motion that attacks a previously decided § 2255 motion, or that challenges the judgment of conviction or sentence of such a

motion, is a second or successive §2255 petition and must be authorized by the appropriate court of appeals. U.S. v. Bell, 369 Fed. App'x. 610, 611 (5th Cir. 2010) ("A Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law.") (unpubl.); U.S. v. Roberts, 360 Fed. App'x. 584, *1 (5th Cir. 2010) (unpubl.); U.S. v. Chisholm, 348 Fed. App'x. 45, *1 (5th Cir. 2009) (Petitioner could not raise jurisdictional argument in Rule 60(b) motion) (unpubl.); U.S. v. Bain, 309 Fed. App'x. 889, 890-91 (5th Cir. 2009) ("[A] FED. R. CIV. P. 60(b) motion that challenged the judgment denying his § 2255 motion on its merits and raised claims attacking his conviction and sentence" was an unauthorized second or successive petition) (unpubl.); U.S. v. Berry, 262 Fed. App'x. 614, 615 (5th Cir. 2008) (unpubl.); U.S. v. Bounds, 224 Fed. App'x. 363, 364 (5th Cir. 2007) (unpubl.). Thus, the mere existence of Rule 60(b) does not allow the reconsideration of a prior judgment, where the law otherwise proscribes filing the motion.

Nevertheless, "Rule 60(b) has an unquestionably valid role to play in habeas cases." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). A habeas petitioner may challenge "the District Court's failure to reach the merits" of his petition, via a Rule 60(b) motion, without running afoul of the prohibitions on unauthorized successive habeas petitions. Id at 538. That route, however, is limited to circumstances where the district court did not reach the merits of the earlier petition.

In Gonzalez, the Supreme Court held that a Rule 60(b) motion asserting that "the federal courts misapplied the federal statute of limitations" for habeas petitions was not a successive habeas petition. Id at 533. Thus, the Supreme Court has established a clear dichotomy: if a Rule 60(b) motion attacks the underlying conviction or the previous habeas determination on the merits of the claim, it is a successive collateral attack. On the other hand, if the Rule 60(b) motion attacks "a defect in the integrity of the federal habeas proceedings," that does not go to the merits of the claim; it is not a successive collateral attack. Id. In short, the motion is properly brought if it concerns how the Court considered the matter, but constitutes a successive §2255 if the motion attacks the substance or the merits of the Court's decision.

5

"Examples of motions attacking a defect in the integrity of the federal <u>habeas</u> proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination." <u>U.S. v. Brown</u>, 2013 WL 6172567, *3 (5th Cir. 2013) (unpubl.) (citing <u>Gonzalez</u>, 545 U.S. at 532 nn. 4-5).

## III. Analysis

In analyzing Rojas Cisneros's claims, a basic premise is that allegations by <u>pro</u> <u>se</u> litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). "While we read <u>pro</u> <u>se</u> complaints liberally, <u>pro</u> <u>se</u> litigants must still comply with the law and procedural rules." <u>Washington v. E. Baton Rouge Par. Sch. Sys.</u>, 471 F. App'x 306 (5th Cir. 2012). With these standards in mind, neither the record – nor the law – support Rojas Cisneros's motion.

Rojas Cisneros has asserted that the District Court erred by recharacterizing his original Rule 60(b) motion as a § 2255 petition without notifying him. Despite his claim, the instant motion is not timely filed and should be dismissed. Moreover, even if it were timely filed, it is meritless and should be denied.

### A. Timeliness

A motion for relief from judgment "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). By any standard, Cisneros's current motion is not timely.

Rojas Cisneros's original <u>habeas</u> petition was last adjudicated on March 9, 2000, when the Fifth Circuit denied the issuance of a certificate of appealability. Civ. Case 3, Dkt. No. 20. The primary basis of the instant motion is the Supreme Court's decision in <u>Castro v. U.S.</u>, 540 U.S. 375 (2003). <u>Castro</u> held that, if a Court is going to construe a filing as one pursuant to 28 U.S.C. § 2255, it must give the prisoner notice of its intent and an opportunity to withdraw or amend his pleading. <u>Id</u>. <u>Castro</u> was decided on December 15, 2003. <u>Id</u>. It was at that point that Rojas Cisneros should have been aware of the issue. Rather than filing in any sort of timely fashion, Rojas Cisneros did not file the instant motion until November

7, 2016, nearly 13 years after <u>Castro</u> as decided.  Additionally, the order that Rojas Cisneros seeks to have set aside was issued on May 28, 1998, more than 16 years ago. Civ. Case 3, Dkt. No. 10.

As previously noted, "Rule 60(b) has an unquestionably valid role to play in <u>habeas</u> cases." <u>Gonzalez</u>, 545 U.S. at 535.  That role, however, does not exempt Rojas Cisneros from the procedural requirements related to filing such a motion; one requirement is that the motion be filed within a reasonable time of the order to which it relates. FED. R. CIV. P. 60(c)(1).  Whether the Court considers Rojas Cisneros's motion to be thirteen years late or sixteen years late is of little consequence; it is untimely either under measurement.

Such a conclusion is nothing new.  The Fifth Circuit has held that a Rule 60(b) motion – which raised the same <u>Castro</u>-related grounds as Rojas Cisneros does in this case – was "dilatory" when it was filed eight years after the original <u>habeas</u> petition was decided. <u>U.S. v. Tolliver</u>, 177 F. App'x 454 (5th Cir. 2006).  District courts in the Fifth Circuit have rejected 60(b) motions in § 2255 cases that were filed much sooner than Rojas Cisneros's thirteen years.  Indeed, prisoners who waited as little as two years in between the issuance of the order and the filing of the 60(b) motion, were found to not have raised their claims in a timely manner.[2]  In this case, all of the underlying facts and law were available to Rojas Cisneros long ago, and no acceptable justification is given for the delay.  Irrespective of how it is pled, thirteen years to file a 60(b) motion is untimely, by any standard.

Rojas Cisneros argues that his delay is reasonable because he was not able to justify the claim legally until <u>Castro</u> was issued.  To whatever extent this is true, it does not justify a thirteen-year delay in filing the instant motion. Thus, the motion was not filed within a reasonable time and should be denied.

---

[2] <u>See</u> <u>Hayden v. Quarterman</u>, 2010 WL 272006, at *4 (N.D.Tex. 2010) (unpubl.) (Rule 60(b) motion not reasonably timely when filed after a two year delay and claims were known to the petitioner); <u>U.S. v. Smith</u>, 2015 WL 3648676, *5 (E.D. La. 2015) (unpubl.) (four and a half year delay was not reasonable); <u>U.S. v. Nnaji</u>, 2010 WL 5437260, *2 (S.D. Tex. 2010) (unpubl.) (four year delay was not reasonable); <u>U.S. v. Jackson</u>, 2012 WL 601244, *2 (W.D. La. 2012) (unpubl.) (three year delay was not reasonable); <u>Dailey v. U.S.</u>, 2010 WL 4683824, *1 (E.D. Tex. 2010) (unpubl.) (two year delay was not reasonable); <u>Bilbrey v. Quarterman</u>, 2006 WL 1982489, *2 (N.D. Tex. 2006) (unpubl.) (two year delay was not reasonable).

**B. Merits**

Even if the motion was timely filed, Rojas Cisneros's underlying claims are meritless. Rojas Cisneros asserted that the indictment was facially invalid and that his attorney was ineffective for not challenging the indictment and for advising him to plead guilty.

Rojas Cisneros argues that he could not be indicted for violating 18 U.S.C. § 752(a) because that statute criminalizes "assisting the escape" of a prisoner, which he could not do, because he was the prisoner and he cannot assist himself. Dkt. No. 1.  The argument misstates both the facts and the law.  Rojas Cisneros was charged with conspiracy to assist an escape. CR 196, Dkt. No. 1.  While Rojas Cisneros could not be indicted for assisting his own escape, he could be charged with conspiracy, where the object was to effectuate his escape. U.S. v. Thompson, 972 F.2d 1347 (9th Cir. 1992) (prisoner could be convicted of conspiracy to violate § 752(a) when the object of the conspiracy was to assist in that prisoner's escape).  Thus, the indictment was not invalid and his counsel was not ineffective for failing to challenge it. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections.").

Rojas Cisneros argues that his attorney advised him that if he pled guilty, he would likely receive a 12 month sentence, to be served concurrently with his other sentences. Dkt. No. 1.  This advice obviously turned out to be incorrect.  The fact that counsel's advice turned out to be incorrect does not automatically mean that counsel was ineffective. See U.S. v. Bazan, 77 F.3d 473 (5th Cir. 1995) ("an attorney's incorrect prediction of the application of Sentencing Guidelines does not constitute ineffective assistance of counsel.").

Furthermore, to whatever extent that Rojas Cisneros claims that his attorney promised him a certain sentence, it is belied by the plea agreement.  In that agreement, which Rojas Cisneros signed, it states that Rojas Cisneros "is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from defendant's counsel [. . . ] is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive." CR 196, Dkt. No. 207.

The agreement further states that the "written plea agreement constitutes the complete plea agreement between the United States, the defendant and the defendant's counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement." Id.  Accordingly, Rojas Cisneros's claim is belied by the record and is meritless.

## V.  Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Javier Rojas Cisneros's "Motion for Relief from Final Judgment," Dkt. No. 1, be **DENIED**.

### A.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on February 2, 2017.

Ronald G. Morgan
United States Magistrate Judge